CONTINENTAL TRUST CO. OF NEW YORK et al. v. TOLEDO, ST. L. & K. C. R. CO.

(Circuit Court of Appeals, Seventh Circuit.    May 25, 1898.)

No. 464.

1. MASTER AND SERVANT—NEGLIGENCE OF MASTER.
   It is negligence for a railway company or its receiver to store heavily loaded cars upon a side track having a sharp grade, without taking any precaution to prevent their escape onto the main track other than setting the brakes on the car nearest thereto.

2. SAME—CONTRIBUTORY NEGLIGENCE OF SERVANT.
   It is not contributory negligence for a railway employé, without actual or imputed knowledge of the condition of a side track, to act on the assumption that it is reasonably safe and suitable for use, and that the cars thereon are safely secured.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Clarence Brown, for appellant.
R. E. Hamill, for appellee.

Before WOODS and SHOWALTER, Circuit Judges, and BAKER, District Judge.

BAKER, District Judge.    This is an appeal by the receiver from a decree on an intervening petition filed by Walter Bartlett, administrator of the estate of Michael Delaney, deceased, to recover for damages sustained by the next of kin on account of the death of the decedent. The alleged negligence consisted in the construction and maintenance of a side track used for storing loaded coal cars having a dangerous grade, extending from a coal shaft for about 600 feet to its point of junction with the main track, and in failing to provide suitable means to secure such loaded cars on the said track, in consequence of which one of them ran down upon or so near the main track that the decedent, a brakeman, who was standing on the step on the side of the engine, was struck thereby, and instantly killed. The accident occurred on the night of December 15, 1893. Delaney, at the time he was killed, was an extra freight brakeman, employed on the west end of the road. He had been employed in that capacity less than two months, and had made but a few trips over the road. Prior to that time he had been employed in the yards at Charleston. He was a strong, capable, and bright young man, about 20 years of age, but with little experience as a brakeman. At the time of his death, he was braking on a local freight train which handled the output of a coal mine on the line of the railroad at Sorrento, Ill. The mine was near the main track, and it had a daily output of about 400 tons. The scale level at the mine was 2

feet and 7 inches higher than the main track at the point where the coal track joined it. The cars were placed on the scale level at the mine, and, when loaded, they were moved down the coal track to the east towards the point of junction with the main track. This coal track, having a length of about 600 feet and a descending grade of 2 feet 7 inches, was used for storing heavily loaded coal cars. It had no derail switch, and no blocks were provided to prevent the loaded cars from running onto the main track. The grade was in the upper two-thirds of the coal track, and loaded cars were habitually left standing upon this grade without being blocked, and without their brakes being set. The car nearest the main track had its brake set, and it was relied upon to hold the other cars which were run down against it. On the night of the accident, there were 15 or 16 loaded coal cars thus placed on the coal track, covering almost its entire length. The train on which the decedent was employed had been directed to take up some cars at this place, and for that purpose the engine had gone onto the coal track, and coupled onto the nearest coal car. It is claimed that the decedent loosened the brakes on this car, and that when it was found that none of the cars wanted were on the coal track, and the engine was detached, the decedent neglected to set up the brake on the coal car, and that this failure caused the car to move down onto or near the main track, and thus brought about the accident.

Many errors are assigned, but all that are available present only two questions: First. Was the appellant chargeable with negligence in the construction and maintenance of the coal track, and in failing to provide suitable means to secure the loaded cars placed thereon? Second. Was the appellee's intestate guilty of contributory negligence? The master's duty is to exercise ordinary and reasonable care to furnish a reasonably safe working place for his employé, having regard to the danger of the service and the peril to which the employé will be exposed from the failure to exercise such care. From the brief review of the facts which we have given, we feel no doubt that the master failed in the performance of his duty. The grade of the coal track rendered it a dangerous location on which to place 15 or 16 heavily loaded cars without any means of preventing their escape onto the main track, except by the setting up of the brake on the car nearest thereto. The appellant, even if a derail switch or blocks were not necessary, might and ought to have secured the cars by having the brakes set up on each one of them. Instead of that, the rule of the appellant only required the brakes to be set up on the one car nearest to the main track. He knew the character of the grade on the coal track, and the danger of cars escaping therefrom onto the main track, and, with this knowledge, he failed to exercise proper care to guard against it. The decedent had never been on this coal track but once before the night on which he was killed, and that in the nighttime, and he had no notice or knowledge of its dangerous condition. This danger was not one of the ordinary hazards of the service, and it was not one assumed by the decedent. The burden is on the appellant to show contributory negligence on the part of the appellee. This

he has failed to do.   Even if the appellee neglected to set up the brake when the engine pulled out onto the main track, still the evidence fails to show that he knew the condition of the coal track, or that the brakes had been set up only upon one of the cars.   Being in ignorance of the appellant's negligence, he had a right to act on the assumption that the coal track was reasonably safe and suitable for the use to which it was put, and that the cars stored thereon were so secured that they would not run out upon the main track.   Especially is this so in view of the fact that that part of the coal track where the decedent was employed on the night of the accident was on a level grade, and he had no knowledge but that the entire coal track was on the same grade.

On the argument at bar it was suggested that the damages were excessive.   No such question was presented in the motion for a new trial in the court below, nor has it been assigned as an error in this court.   Under these circumstances, we do not feel called upon to examine this question.   We find no available error in the record. The decree of the court below is affirmed, at the cost of the appellant.