## COOPER v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. MASTER AND SERVANT — CONTRIBUTORY NEGLIGENCE — ASSUMED RISK— NEGLIGENCE OF FELLOW SERVANTS.

Neither assumed risk nor the negligence of co-employés constitutes contributory negligence on the part of a deceased servant.

2. SAME—NEGLIGENCE.

If a collision of a train with a stray car on the main track, in which a fireman on the train was killed, could have been averted, had there been a derailing switch on the branch track, from which the car had evidently come, the negligence of the railroad in failing to put in such derailing switch would be the primary cause of the collision, and sufficient to support a recovery for damages.

3. SAME—INSTRUCTION—NEGLIGENCE.

Plaintiff's decedent, a fireman, was killed in a collision of his train with a stray car, which had evidently come onto the main track from a branch. Plaintiff did not claim that there were any ·defects in the brakes of the car, but based her right of recovery on the company's failure to put in a derailing switch on the branch. The court charged that the company was not guilty of negligence if it had furnished safe brakes for the car, and if failure to set them was the direct cause of the

injury, but that it was guilty if the failure to put in a derailing switch was a concurring cause of the accident. Throughout the charge there was a confusion of the terms "contributory negligence," "assumption of risk," "negligence of co-employes," and "negligence of the company." *Held* that, under the circumstances, a verdict for the company could not be sustained.

4. SAME—ASSUMPTION OF RISK—QUESTION FOR JURY.

Where there was no direct evidence that a fireman on a freight train, who was killed in a collision with a stray car on the track, which had evidently come from a branch, knew that there was no derailing switch on the branch, or that such a switch was necessary on account of the grade of the branch, it was a question for the jury whether he had assumed the risk of accidents on account of the absence of such a switch.

Appeal from Trial Term, Oswego County.

Action by Emma Cooper, as administratrix, etc., against the New York, Ontario & Western Railway Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

James Gallagher and Frank C. Sargent, for appellant.
P. W. Cullinan and Udelle Bartlett, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action is to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The deceased was a fireman upon an engine drawing a fast freight train upon defendant's road, from Norwich to Oswego, in the nighttime. In passing Bernard's Bay station, the engine ran into a car upon the main track, and the deceased was instantly killed. The night was dark and stormy, and the engineer did not suppose there was any obstruction upon the track, and did not discover the car until it was too late to avoid the collision. Apparently the car had stood upon the branch track at the station, and had in some way got in motion and run down upon the main track, where it stood when the accident occurred. There was no defect in the brake on the car, and there was no derailing switch upon the branch track to prevent cars standing thereon, if set in motion, from running down upon the main track. There was no direct evidence as to how the car came to move. That question could only be determined, if at all, as a matter of inference from the circumstances proven upon the trial.

At the close of the evidence the trial court reserved its decision upon a motion for a nonsuit, and submitted to the jury three questions of fact, and took answers thereto, viz.:

"(1) Was the plaintiff's intestate free from negligence contributing to his death? Answer. No.

"(2) Was the defendant guilty of negligence which was the direct cause of the injury to the deceased? Answer. No."

The question of damages was also submitted, but no answer was made thereto.

Upon these findings of fact the court ordered a general verdict for the defendant, and the plaintiff excepted.

There was no evidence to support the first finding, and the charge upon the question involved in that finding was radically wrong. There was no claim made that the deceased did or omitted to do anything that could be regarded as contributory negligence. Neither he nor the engineer could reasonably expect an obstruction would be upon the track, and there is no reason to suppose the deceased, the fireman, discovered it prior to the collision and his immediate death. It could not be said the engineer, even, was guilty of contributory negligence, and no jury, under proper instructions, would find either of them guilty of such negligence. The difficulty was that the trial court charged the jury that assumed risk and the negligence of co-employees constituted contributory negligence on the part of the deceased. The court entirely misapprehended the meaning of the term "contributory negligence." Negligence of co-employees never has been regarded as contributory negligence. See Dowd v. N. Y., O. & W. Rwy. Co., 170 N. Y. 459, 63 N. E. 541, as to distinctions between assumed risk and contributory negligence.

As to the defendant's negligence, there was no claim made that the car that ran down from the branch to the main track was in any way out of repair, or that its brake was in any way defective. It was fairly to be inferred that some of the defendant's employees left the car without setting the brake, and the wind set it in motion. Possibly the brake may have been loosened by some outsider, who was loading or unloading freight from this or other cars in the locality, or it may have been done by some one for improper or mischievous purposes.

The plaintiff claimed the defendant was negligent in failing to have a derailing switch near the end of the branch in question. Such a switch would have effectually protected the main track, because, no matter how the car came to be set in motion, it would have left the branch track, and stopped before it reached the main track, and there would have been no obstruction to cause the accident. This was the question pressed on the trial as the ground of negligence to support the action and enable the plaintiff to recover. Concededly, any neglect by co-employees as to the car would not sustain the action, nor would the unauthorized interference with the car by outside parties, whatever motive actuated them. Some act of this nature by some party, co-employee or stranger, very likely was a cause contributory to the accident; but the defendant might still be liable, if the failure to have a derailing switch was also a contributing cause, and one but for the existence of which the accident would not have occurred. Putting the proposition in a different form: Suppose by the negligent or unauthorized act of some person the car was set in motion; still, if the derailing switch had been there, the accident would not have occurred. The defendant's negligence would therefore be the primary cause of the accident, and sufficient to support a recovery.

While but little prominence was given to this proposition in the charge, yet it was substantially stated to the jury. There was considerable talk about defendant's negligence, so far as the brake was concerned, which was not for the jury at all, and finally the court submitted it to the jury as a question of fact whether or not it was

the duty of the defendant to have a derailing switch at the end of the branch in question, and then used this language:

"But whether it did, or whether it did not, if you find in this case that the defendant furnished a reasonably safe brake for that car, when it was left before the time that it got down onto the main track, and that the direct and only cause was because of the neglect to set it, then you must find on the second question here, 'Was the defendant guilty of negligence which was the direct cause of the injury to the deceased?' and answer it, 'No.' But if you find that the neglect to put a derailing switch on or near the end of the side track was a concurring cause, so that the accident would not have happened but for that, and that the accident was the result of two concurring causes, making the proximate result, then you can answer that question, 'Yes'—the second question; that is, for the purposes of this trial."

So that the proposition was in effect charged; but, reading the whole charge together, and observing the confusion of terms, viz., "contributory negligence," "assumed risk," "the negligence of co-employees," and "defendant's negligence," or the want of it, as to the brake on the car, it is difficult to believe that the jury acquired anything like a correct appreciation of the rule of law as to the only ground of negligence urged by the plaintiff upon the trial. We cannot really say whether the jury found the defendant free from negligence because it had no duty imposed upon it primarily to have a derailing switch, or whether it owed no such duty to the deceased because he had assumed the risk of its absence.

Upon the evidence in this case the question of the primary duty of the defendant to have a derailing switch upon the branch in question was one for the jury, and not for the court; and so was the question as to whether the deceased assumed the risk of the absence of such switch. The first question was submitted to the jury in a way. The latter question was not submitted at all, except as it was confused with the negligence of co-employees, under the name of "contributory negligence." We are not satisfied, in this condition of things, that the plaintiff has had a fair opportunity to take the verdict of a jury, based upon a correct understanding of the law as to the question involved. Contributory negligence is not really in the case. As to the defendant's negligence the only questions are: (1) Was it the duty of the defendant, in the absence of assumed risk, to have the derailing switch? (2) Was defendant relieved from such duty as to the deceased by his having assumed the risk of its absence?

It is suggested that a nonsuit should have been granted upon the ground that the evidence showed the deceased assumed the risk of the absence of the switch, and so effectually showed it that the court should have so held as a matter of law. We think this claim cannot be sustained. The deceased was a fireman merely, and as such had no duty imposed upon him to use or look after such switches on branch tracks. Whether he knew there was no switch at this point, whether he knew the grade of the branch track, and therefore the need of such a switch there, and the danger to be apprehended from its absence, were all material inquiries upon the question of assumed risk, and, the deceased's mouth being closed in death and no other direct evidence given with reference thereto, were matters of infer-

ence merely from such circumstances as were proven in the case.
Under this condition of things, the question of assumed risk was one
of fact for a jury, and not of law for the court.

There could be no doubt of the right of a jury to charge the defendant primarily with the duty of having such a switch at the end
of the branch in question. The grade of the branch made it very
proper and necessary to have something to prevent cars from running
down upon the main track. This derailing switch was a simple and
inexpensive construction, and was much in use upon defendant's road
and others. Negligence by defendant might well be found by a jury
by reason of its failure to have had one at the point in question. If
it had been there at this time, no accident would have occurred. The
deceased would not have been killed.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except Mc-
LENNAN, J., not voting.