EMMA COOPER, as Administratrix, etc., of JUDSON M. COOPER, Deceased, Appellant, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent.

*Negligence — injury to a fireman from a collision with a car which has run down from a siding to the main track — questions of negligence and assumption of risk for the jury.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate, it appeared that the intestate was a fireman employed on one of the defendant's locomotives and that, as the locomotive was traveling over the main track of the defendant's road, it collided with a car which had been left standing on a branch track and had, from some undisclosed cause, moved down upon the main track. The car was fitted with brakes which were not in any way defective.

The plaintiff claimed that the defendant was negligent in failing to have a derailing switch near the end of the branch track. The derailing switch is a simple and inexpensive construction, and was much in use upon the defendant's road and others, and its use in this case would have effectually protected the main track, irrespective of how the car came to be set in motion. The grade of the branch track made it very proper and necessary to have something to prevent cars from running down upon the main track.

*Held*, that the questions whether the defendant was negligent in failing to have a derailing switch and whether the intestate assumed the risk of the absence of that switch were questions of fact for the jury.

APPEAL by the plaintiff, Emma Cooper, as administratrix, etc., of Judson M. Cooper, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oswego on the 29th day of April, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Oswego Trial Term, and also from an order entered in said clerk's office on the 20th day of May, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*James Gallagher* and *Frank C. Sargent*, for the appellant.

*P. W. Cullinan* and *Udelle Bartlett*, for the respondent.

WILLIAMS, J.:

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event.

The action is to recover damages for the death of the plaintiff's

intestate, alleged to have been caused by the negligence of the defendant.

The deceased was a fireman upon an engine drawing a fast freight train upon defendant's road, from Norwich to Oswego, in the night time. In passing Bernard's Bay station the engine ran into a car upon the main track and the deceased was instantly killed. The night was dark and stormy, and the engineer did not suppose there was any obstruction upon the track, and did not discover the car until it was too late to avoid the collision. Apparently the car had stood upon the branch track at the station, and had in some way got in motion and run down upon the main track, where it stood when the accident occurred. There was no defect in the brake on the car, and there was no derailing switch upon the branch track to prevent cars' standing thereon, if set in motion, from running down upon the main track. There was no direct evidence as to how the car came to move. That question could only be determined, if at all, as a matter of inference from the circumstances proven upon the trial.

At the close of the evidence the trial court reserved its decision upon a motion for a nonsuit, and submitted to the jury three questions of fact and took answers thereto, viz. : *First.* Was the plaintiff's intestate free from negligence contributing to his death ? Answer. No. *Second.* Was the defendant guilty of negligence which was the direct cause of the injury to the deceased ? Answer. No. The question of damages was also submitted, but no answer was made thereto.

Upon these findings of fact the court ordered a general verdict for the defendant, and the plaintiff excepted.

There was no evidence to support the first finding, and the charge upon the question involved in that finding was radically wrong. There was no claim made that the deceased did or omitted to do anything that could be regarded as contributory negligence. Neither he nor the engineer could reasonably expect that an obstruction would be upon the track, and there is no reason to suppose that the deceased, the fireman, discovered it prior to the collision and his immediate death. It could not be said the engineer even was guilty of contributory negligence, and no jury under proper instructions would find either of them guilty of such negligence. The difficulty was

that the trial court charged the jury that assumed risk and the negligence of coemployees constituted contributory negligence on the part of the deceased. The court entirely misapprehended the meaning of the term "contributory negligence." Negligence of coemployees never has been regarded as contributory negligence. (See *Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459, as to distinctions between assumed risk and contributory negligence.)

As to the defendant's negligence there was no claim made that the car that ran down from the branch to the main track was in any way out of repair, or that its brake was in any way defective. It was fairly to be inferred that some of the defendant's employees left the car without setting the brake, and the wind set it in motion. Possibly the brake may have been loosened by some outsider, who was loading or unloading freight from this or other cars in the locality, or it may have been done by some one for improper or mischievous purposes. The plaintiff claimed the defendant was negligent in failing to have a derailing switch near the end of the branch in question. Such a switch would have effectually protected the main track because, no matter how the car came to be set in motion, it would have left the branch track and stopped before it reached the main track, and there would have been no obstruction to cause the accident.

This was the question pressed on the trial as the ground of negligence to support the action and enable the plaintiff to recover. Concededly any neglect by coemployees as to the car would not sustain the action, nor would the unauthorized interference with the car by outside parties, whatever motive actuated them. Some act of this nature by some party, coemployee or stranger very likely was a cause contributing to the accident, but the defendant might still be liable, if the failure to have a derailing switch was also a contributing cause, and one but for the existence of which the accident would not have occurred. Putting the proposition in a different form, suppose by the negligent or unauthorized act of some person the car *was* set in motion, still if the derailing switch had been there the accident would not have occurred. The defendant's negligence would, therefore, be the *primary cause* of the accident and sufficient to support a recovery.

While but little prominence was given to this proposition in the

charge, yet it was substantially stated to the jury. There was considerable talk about defendant's negligence so far as the brake was concerned which was not for the jury at all, and finally the court submitted it to the jury as a question of fact, whether or not it was the duty of the defendant to have a derailing switch at the end of the branch in question, and then used this language, " But whether it *did*, or whether it did *not*, if you find in this case that the defendant furnished a reasonably safe brake for that car where it was left before the time that it got down onto the main track, and that the direct and only cause was because of the neglect to set it, then you must find on the second question here, was the defendant guilty of negligence, which was the direct cause of the injury to the deceased, and answer it by *no*. But if you find that the neglect to put a derailing switch on near the end of the side track was a concurring cause, so that the accident would not have happened if it hadn't been for that, and that the accident was the result of two concurring causes, making the proximate result, then you can answer that question *yes*, the second question, that is, for the purposes of this trial." So that the proposition was in effect charged, but reading the whole charge together, and observing the confusion of terms, viz., contributory negligence, assumed risk, the negligence of coemployees, and defendant's negligence or the want of it as to the brake on the car, it is difficult to believe that the jury acquired anything like a correct appreciation of the rule of law as to the only ground of negligence urged by the plaintiff upon the trial. We cannot really say whether the jury found the defendant free from negligence because it had no duty imposed upon it primarily to have a derailing switch, or whether it owed no such duty to the deceased because he had *assumed* the *risk* of its absence. Upon the evidence in this case the question of the primary duty of the defendant to have a derailing switch upon the branch in question was one for the jury and not for the court, and so was the question as to whether the deceased *assumed* the *risk* of the absence of such switch. The first question was submitted to the jury in a way. The latter question was not submitted at all, except as it was confused with the negligence of coemployees, under the name of contributory negligence. We are not satisfied, in this condition of things, that the plaintiff has had a fair opportunity to take the verdict of a jury based upon a correct

understanding of the law as to the question involved.   Contributory negligence is not really in the case.   As to the defendant's negligence the only questions are :   1. Was it the duty of the defendant in the absence of assumed risk, to have the derailing switch ?   2. Was defendant relieved from such duty as to the deceased by his having assumed the risk of its absence ?

It is suggested that a nonsuit should have been granted upon the ground that the evidence showed that the deceased assumed the risk of the absence of the switch, and so effectually showed it that the court should have so held as a matter of law.   We think this claim cannot be sustained.   The deceased was a fireman, merely, and as such had no duty imposed upon him to use or look after such switches on branch tracks.   Whether he knew there was no switch at this point, whether he knew the grade of the branch track and, therefore, the need of such a switch there and the danger to be apprehended from its absence were all material inquiries upon the question of assumed risk, and the deceased's mouth being closed in death, and no other direct evidence given with reference thereto, were matters of inference merely, from such circumstances as *were* proven in the case.   Under this condition of things the question of *assumed risk* was one of fact for a jury, and not of law for the court.   There could be no doubt of the right of a jury to charge the defendant primarily with the duty of having such a switch at the end of the branch in question.   The grade of the branch made it very proper and necessary to have something to prevent cars from running down upon the main track.   This derailing switch was a simple and inexpensive construction, and was much in use upon defendant's road and others.   Negligence by defendant might well be found by a jury by reason of its failure to have had one at the point in question.   If it had been there at this time no accident would have occurred.   The deceased would not have been killed.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event.

All concurred, except McLENNAN, J., not voting.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.