## ENID CITY RY. CO. v. WEBBER.

No. 1191.   Opinion Filed October 3, 1911.

Rehearing Denied February 6, 1912.

(121 Pac. 235.)

1.    **MASTER AND SERVANT**—Injuries to Servant—Questions for Jury—Negligence of Master—Contributory Negligence.  A person employed as inspector of a street railway company performed a number of miscellaneous duties, and when at the barn saw to the placing of cars when they were brought in.  A side track on which some of the cars were placed had a considerable grade inclining toward the main track.  The inspector did not have general supervision of the matter of securing cars placed on the side track. About midnight two cars, one a flat and the other a trailer, were driven out on the main line by a storm not of unprecedented force and collided with a car on which the inspector was acting as motorman, inflicting injuries.  Neither flat nor trailer was equipped with brakes.  The evidence was not clear as to who last used the flat; but the inspector said he probably used it the day before, but had no recollection of having done so.  The testimony was conflicting as to whether the inspector had been instructed to block the flat when putting it on the siding.  Two blocks were found on the track next morning with appearance of having been run over by cars.

·  **Held:**   (1) That the question of whether the company was guilty of negligence was properly submitted to the jury.

(2)   That the question of whether the accident was caused by the negligence of the inspector was for the jury.

2.    **NEGLIGENCE**—Pleading—Reply—Necessity.  An answer to a petition charging negligence, which, after a general denial, further alleges, "even if it be true that plaintiff received injuries as alleged, that such injuries did not result from the negligence of the defendant, but were the result of the negligence of the plaintiff," pleads no new matter and does not require a reply.

(Syllabus by Rosser, C.)

*Error from District Court, Garfield County;*
*M. C. Garber, Judge.*

Action by Frank Webber against the Enid City Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Flynn, Ames & Chambers,* for plaintiff in error.

*Sturgis, Moore & Manatt,* for defendant in error.

Opinion by ROSSER, C. This is an action by Frank Webber against the Enid City Railway Company, a corporation, for personal injuries. The plaintiff in error will be referred to as the company, and the defendant in error as plaintiff. Plaintiff was employed by the railway company as an inspector at its car barn, and seems to have performed a number of miscellaneous duties for the company. Among other things, it was his duty (or at least he frequently performed the service) to bring the employees of the company to the public square of the city of Enid at the close of their labors at midnight, and then return the car, on which they had been brought to the square, to the barn. On the 3d of May, 1908, he brought the employees of the company to the square, and, as he was returning with the car to the barn, the car collided with a certain flat car and trailer of the defendant company, and the plaintiff was injured. Neither the flat car nor the trailer was equipped with brakes. They had been standing on the side track, or switch, of the company near the barn, prior to the accident, and there was a conflict in the testimony as to whether or not they had been blocked after being placed on the side track. From the proof in the case, the side track had a considerable downgrade toward the main line, and, according to the testimony of the superintendent, a car would not stand upon the side track without being blocked, or having brakes set. The plaintiff testified that it was a downgrade and that a car would start easily. The record does not disclose exactly how long the trailer had been there, but does show that it had never been used, and shows that it was not

completely assembled or put together, and that no brake had yet been put on it. The trailer was a car of the ordinary height for carrying passengers, and had no motor power equipment, and was used to run behind and attached to a car having motor power. The flat car had no brake, and no motor power. The evidence fails to disclose how long the flat car had been standing on the siding. The plaintiff testifies that he did not know when he used it last, that he probably used it on Saturday morning previous, but that he had no recollection of having done so; and the only positive testimony as to when it was used was that of a certain witness that he had used it the previous Thursday, and when through with it that he had placed it on the side track and blocked it. The next morning after the accident, two blocks of wood were found on the railroad track at a point where the flat car had stood, which, from their condition, indicated that they had been run over by the wheels of a car. One was of hard wood two by six inches, three or four feet long, and the other was pine two by four inches, but the record is silent as to its length. On the night of the accident, and just prior to its occurrence, there was a heavy thunder, rain, and wind storm, in which the wind blew very severely; but the storm was not a tornado, and, while a very heavy gale, was not heavier than frequently occurred in that part of the country. It was the duty of the plaintiff, when at the barn, to see to the placing of the cars. The superintendent testified that he had instructed the plaintiff, and all of the employees, to block the cars when they were placed upon the siding. The plaintiff testified that he had received no such instructions, and did not know that any such instructions had been given.

The company assigns three grounds for reversal:

First. It contends that there is no evidence in the case showing it knew the car was on the siding and not blocked, and says that it cannot be held liable unless it is shown that the car was negligently left on the side track and the company knew of this fact, or that the car was in this condition for a sufficient

length of time for the company, by the exercise of reasonable precaution, to have known it.

Second. It contends that before plaintiff could recover, it must be shown not only that the company was negligent in leaving the car on the track in an unsafe condition, but it must be further shown that plaintiff did not know of the unsafe condition.

Third. It contends that it is entitled to judgment because by its answer it alleged that the injury complained of was caused by the negligence of the plaintiff himself, and no reply was filed to the answer.

The first question to be decided is whether there is any proof of negligence. That there was such proof is clear. It is the duty of a railroad or street railway company to confine or fasten its cars so they cannot be driven along its tracks by windstorms or other irresponsible forces. *Brown v. Pontchartrain R. Co.*, 8 Rob. (La.) 45; *Battle v. W. & W. R. Co.*, 66 N. C. 343; *So. Pac. R. Co. v. Lafferty*, 57 Fed. 536, 6 C. C. A. 474; *Continental Trust Co. v. Toledo, etc., R. Co.*, 87 Fed. 133, 32 C. C. A. 44; *L. & N. R. Co. v. Ewing*, 117 Ky. 625, 78 S. W. 460. The very fact that the cars had drifted upon the main line raised a presumption of negligence upon the part of the company, unless there were other circumstances in the case changing that presumption. At least the fact that they had drifted would raise a presumption of negligence against every one except the person whose duty it was to see to the securing or fastening of the cars on the side track. *Jones v. K. C., F. S. & M. R. Co.*, 178 Mo. 528, 77 S. W. 890, 101 Am. St. Rep. 434.

"The mere happening of an accident causing injury is evidence of negligence whenever the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care." (*Esberg-Gunst Cigar Co. v. Portland*, 34 Ore. 282, 55 Pac. 961, 43 L. R. A. 435, 75 Am. St. Rep. 651.)

There was ample proof that the defendant knew that cars were placed on the side track. The fact that it was the custom to place the cars there charged the company with notice of the

presence of these cars, whether they had been there any particular length of time immediately preceding the accident or not. *Crawford v. United R. & E. Co.,* 101 Md. 402, 61 Atl. 287, 70 L. R. A. 480. The superintendent testified that the trailer had been there some days, and that he saw both the flat car and the trailer there during the afternoon preceding the accident. It is not shown that the storm which started the cars was unprecedented, or one which might not reasonably have been anticipated by the defendant.

The next and most important question in the case is whether the plaintiff himself was guilty of negligence, and whether the injury did not result from his failure to perform a duty with which he was charged.

The proof shows that it was the custom of the employees to put cars on the siding. In fact, there was not room in the barn for all the cars, and some of them had to be put on the side track. The proof is not clear as to what the plaintiff's duties were, but it is shown that when he was at the barn, in the absence of the superintendent, he saw to the placing of the cars. But there is no evidence that it was his duty to have general supervision as to the placing of the cars, and, in fact, from the nature of his duties he could not have personally supervised the placing of all the cars. If he received any order at all with reference to blocking them, it was the same as was given to the motormen and other employees. If he was not charged with general supervision, then, unless he placed the car on the siding the last time it was used before the accident, he cannot be charged with negligence. The evidence is not clear as to this. The evidence does not leave it clear whether he was the last person to use the car before the accident, nor whether it was blocked after it was placed on the siding.

But does the blocking of the car constitute the whole question in this case? If the blocks were not sufficient to hold the cars, can the company say that a jury should not pass on the question of their negligence in using them? It was the duty of the company to use reasonable care to provide safe appliances

for holding the cars and prevent them from drifting on the main line. The question whether they had done so was one for the jury. The side track was on a considerable incline. There were no brakes on the cars. From the testimony of the superintendent the blocks had probably been under the flat car and had been run over. There is nothing in the record indicating the trailer had ever been blocked and nothing to show plaintiff had ever had anything to do with placing or handling it. From its height as compared with the flat car it received more of the force of the storm than did the flat car. It not being clear from the evidence whether the plaintiff was the last person who had used the flat car, and it not being clear that the car was not blocked prior to the accident with the only blocks furnished for the purpose, it was a question for the jury whether or not the negligence of plaintiff caused the injury. In *Cooper v. N. Y., O. & W. R. Co.,* 84 App. Div. 42, 82 N. Y. Supp. 98, where a fireman was killed by collision with a car that had escaped from a switch, the only negligence claimed was the failure of the company to maintain a derailing switch, and the Appellate Division reversed a judgment for the defendant, and held that the absence of the derailing switch was sufficient proof of negligence to require the submission of the case to the jury. Under the facts as shown by the record, to quote Mr. Justice Miller in *Jones v. East Tenn., Va. & Ga. R. Co.,* 128 U. S. 445, 9 Sup. Ct. 118, 32 L. Ed. 478:

"We see no reason, so long as the jury system is the law of the land, and the jury is made the tribunal to decide disputed questions of fact, why it should not decide such questions as these as well as others."

While the plaintiff had seen the cars standing upon the side track and knew that they were standing on an incline, still it was not his duty to study the result of such a situation, or to know the existence of dangers not obvious. It was the duty of the company to determine the existence of danger, and the plaintiff had a right to rely upon their superior knowledge as to conditions not obvious. It cannot be said as a matter of law that he was guilty of such negligence as precludes him from recovering in this action.

· In *Grand Trunk R. Co. v. Ives,* 144. U. S. 417, 12 Sup. Ct. 682, 36 L. Ed. 485, Mr. Justice Lamar said:

"There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what· shall constitute ordinary care under any and all circumstances. The terms 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct of affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court."

See *Sans Bois Coal Co. v. Janeway,* 22 Okla. 425, 99 Pac. 153; *St. Louis & S. F. R. Co. v. Copeland,* 23 Okla. 837, 102 Pac. 104.

The third question is whether the court should not have rendered judgment for the defendant because it had pleaded that the plaintiff was negligent, and he had filed no reply thereto. The second and third paragraphs of its answer were:

"Even if it be true that plaintiff received injuries as alleged, that such injuries did not result from negligence of the defendant, but were the result of the negligence of the plaintiff."

This answer required no reply; it stated no new matter, and was, in fact, merely a general denial. *Watkinds v. Southern Pac. R. Co.* (D. C.) 38 Fed. 711, 4 L. R. A. 239; *Cogdell v. Wilmington & W. R. Co.,* 132 N. C. 852, 44 S. E. 618; *Hoffman v. Gordon,* 15 Ohio St. 211.

There being no error in the record, the case should be affirmed.

By the Court: It is so ordered.