## CITY OF CUSHING v. BOWDLEAR.

No. 9448—Opinion Filed Oct. 22, 1918.

Rehearing Denied Jan. 13, 1919.

(177 Pac. 561.)

1. **Municipal Corporations — Condition of Streets—Negligence—Personal Injury.**

It is the duty of a municipal corporation to use ordinary care and diligence in keeping its streets and sidewalks in a reasonably safe condition for the ordinary mode of travel, and if it fails to do so, it is guilty of negligence, which will make it liable for injury resulting therefrom, provided the injured party exercises ordinary care to avoid injury.

2. **Same — Pleading — Contributory Negligence.**

The defense of contributory negligence is an affirmative defense, which must be pleaded and proved. The general allegation, "that the plaintiff's negligence caused the injury," is a mere conclusion, and is not a sufficient allegation of contributory negligence.

3. **Same — Defect in Street — Liability — Notice.**

It is not necessary that a city have actual notice of the condition of its streets. It is sufficient that the defective condition of the street had existed for such a period of time that the city, by the use of ordinary care, could have discovered the same.

4. **Personal Injuries—Excessive Damages.**

The record in this case examined, and the judgment held not excessive.

(Syllabus by Pryor, C.)

Error from District Court, Payne County; John P. Hickam, Judge.

Action by Lloyd Bowdlear against the City of Cushing. Judgment for plaintiff, and defendant brings error. Affirmed.

J. M. Grubbs, for plaintiff in error.

Burdick & Wilcox and Mont F. Highley, for defendant in error.

Opinion by PRYOR, C. This action was instituted by the plaintiff, Lloyd Bowdlear, against the city of Cushing, defendant, to recover damages for personal injuries received while passing along one of the avenues of said city. There was trial to a jury, and judgment for plaintiff in the sum of $9,000. From this judgment the defendant appeals.

The propositions urged on appeal by the defendant, which require consideration, may be stated generally: (1) That the facts do not establish liability on the part of the city, and that plaintiff's injuries resulted from any negligence of defendant; (2) that the court erred in admitting incompetent evidence; (3) that the city, if there was any defect in its street and sidewalk, had no notice or knowledge of it; (4) that the amount of the judgment is excessive.

The material facts are substantially as follows:

The defendant is a city of the first class. Broadway, running east and west, is the principal street of the city. Harrison avenue, extending north and south, intersects Broadway about the center of the business section of the city. The accident occurred on Harrison avenue, about two blocks south of Broadway, on the sidewalk along the west side of Harrison avenue, where Harrison avenue and the sidewalk cross a ravine. The ravine is from 4 to 6 feet deep and about 8 feet across. At the time of the accident the concrete sidewalk extended along the west side of said avenue, beginning at Broadway and running south, to within 30 feet of the ravine, and was constructed to within about 40 feet of the ravine from the south, leaving a distance of about 7 feet across the ravine without concrete walks. By way of the sidewalk the passage across the ravine was over some planks, and by way of the street the passage was over a bridge. Harrison avenue was extensively used for travel by the public, both by way of the bridge and the plank walk across the ravine.

On the 5th day of November, 1915, the plaintiff, at about 8 o'clock p. m., was traveling along the sidewalk, attempting to cross the ravine on the plank passageway, when the plank, which was resting on uneven ground, turned over and threw plaintiff astride the plank, and he received the injuries for which he brings this action to recover damages. The defendant insists that it was not under any obligation to construct safe sidewalks across Harrison avenue and across the ravine, for the safety of persons traveling along said avenue.

It is the duty of a municipal corporation of this state to use ordinary care and diligence in constructing and keeping its streets and sidewalks in a reasonably safe condition for the ordinary mode of travel, and if it fails to do so it is guilty of negligence,

which will make it liable for injuries resulting from such negligence, provided the injured party exercised ordinary care to avoid the injury. Town of Norman v. Teel, 12 Okla. 69, 69 Pac. 791; Town of Fairfax v. Giraud, 35 Okla. 659, 131 Pac. 159; City of Purcell v. Stubblefield, 41 Okla. 562, 139 Pac. 290, 51 L. R. A. (N. S.) 1077; City of Muskogee v. Miller, 45 Okla. 414, 145 Pac. 782. L. R. A. 1915D, 243; City of Hugo v. Nance, 39 Okla. 640, 135 Pac. 346.

Under the foregoing facts and the law announced in the foregoing authorities, it was the duty of the city to use ordinary care and diligence to keep Harrison avenue and the sidewalks pertinent thereto in a reasonably safe condition for public use, and its failure to do so constitutes negligence, which would render it liable for injuries therefrom, in the absence of want of exercise of ordinary care on the part of the injured.

The defendant urges here that the plaintiff was guilty of contributory negligence. The defense of contributory negligence is an affirmative defense, which must be alleged and proved. The only statement in defendant's answer which alleges contributory negligence is the statement that "the plaintiff's negligence caused the injury."

An answer which does not contain any further allegations of fact than those above raised amounts to no more than a general denial, and fails wholly to allege facts sufficient to constitute the defense of contributory negligence. Enid City Ry. v. Webber, 32 Okla. 180, 121 Pac. 235, Ann. Cas. 1914A, 569; Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747, L. R. A. 1917F, 890. The defendant having failed to allege contributory negligence, and establish the same by evidence, it cannot predicate error upon that theory of the case here.

The evidence admitted by the court, which the defendant claims is incompetent and prejudicial, was evidence relative to the moving of the plank and the construction of a footbridge across the ravine where the injury occurred, subsequent to the injury. Evidence that the defendant made subsequent repairs after the injury is incompetent to establish negligence on the part of plaintiff. Admission of such evidence is prejudicial error. City of Wynnewood v. Cox, 31 Okla. 563, 122 Pac. 528, Ann. Cas. 1913E, 349. This evidence was rendered harmless by the fact that the city itself had already introduced evidence to the effect that the city had constructed said passage, apparently for the purpose of showing that the city had not assumed any jurisdiction over the sidewalk at this point at the time of the injuries complained of.

The defendant next urges that the city did not have notice of the defective condition of the sidewalks in question. The sufficiency of notice is a question of fact to be determined by a jury. It was not necessary that the city have actual notice. It is sufficient that the defective condition of the street had existed for such a period of time that the city by the use of ordinary care could have discovered the same. Town of Norman v. Teel, supra. The fact is that in this case the city did have notice of the condition of the sidewalk. The city clerk called the attention of the city council to it at several of its meetings.

The defendant next contends that the verdict and judgment is excessive.

" 'The general principle is well established that this court will not reverse the judgment of the court below in refusing to grant a new trial on the ground of excessive damages, unless, at first blush, the damages assessed appear to be outrageous and excessive, or it is apparent that some improper element was taken into account by the jury in determining the amount (citing authorities). The determination of the extent of the injury complained of and the proper compensation therefor, were peculiarly within the province of the trial jury, and when its judgment has been fairly obtained, and, in the light of all the incidents of the trial, confirmed by the presiding judge, an abuse of this right and power must be clearly manifest to warrant an appellate court in disturbing the judgment on the ground of excessive damages. * * * These cases hold that in actions of this character the law does not attempt to fix any precise rules for ascertaining what is a just compensation, but from the necessity of the case leaves the assessment of the damages to the good sense and unbiased judgment of the jury, whose province it is to make the assessment; that while the verdict in these cases, as in all others, is subject to review by the court, it will not be disturbed merely upon the ground that the damages are excessive, nor because the opinion of the court differs from that of the jury, but only where it appears that the excess has been given under the influence of passion or prejudice'." Bartlesville Zinc Co. v. James, 66 Okla. 24, 166 Pac. 1054.

Applying the above rule to the facts in this case, the court cannot say that the judgment is excessive.

The defendant urges that the court erred in its instructions to the jury. It is sufficient to say that the instructions given in this case have been before this court under facts similar to those in this case and have been held to correctly state the law.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.