Robert E. MAPLES, Plaintiff in Error,

v.

Dorcie A. BRYCE, Defendant in Error.

No. 41183.

Supreme Court of Oklahoma.

June 6, 1967.

Rehearing Denied July 11, 1967.

Second Rehearing Denied Oct. 3, 1967.

Charles W. Stubbs and Welcome D. Pierson, Oklahoma City, for plaintiff in error.

Bill E. Granger, Oklahoma City, for defendant in error.

PER CURIAM:

Parties will be referred to as they appeared in the trial court.

The case arises out of a collision between plaintiff's automobile driven by his wife, Josephine Bryce, and an automobile owned and operated by the defendant. The accident occurred after dark on December 6, 1962 on a narrow black-top county road in Pottawatomie County. The road was eleven feet wide at point of collision. Plaintiff's wife, Josephine, was traveling west, and the defendant was going east. Josephine Bryce had taken the four minor children of plaintiff and herself to a basketball game at Bethel Schoolhouse and after the game was going home with the children. The defendant was a referee at this game. He was "turned around" when he left the schoolhouse and by mistake went a mile west of the schoolhouse and turned around and was going back east to his home, which was east of the schoolhouse rather than west.

Plaintiff's wife, Josephine, and all the children were injured in the collision; some of the children more seriously injured than others. The defendant suffered a fractured pelvis and leg.

The plaintiff filed suit setting up two causes of action. The first was the damage to his automobile driven by his wife, and the second was the medical expense incurred for his wife and children and for the loss of services of his wife and children. Judgment went for the plaintiff on both causes of action, six hundred and eighty-two dollars for damage to automobile on the first, and two thousand dollars for medical expense in treatment of and loss of services of his wife and children on the second.

The evidence showed that plaintiff sold his car for $168.00. The evidence of the plaintiff was that the car was worth $800.00. His loss on the car therefore amounted to $632.00. He was entitled to recover only $632.00 for loss of car.

The defendant raises seven propositions for reversal which are as follows:

"Proposition 1. The evidence of the plaintiff is insufficient to establish negligence or liability on the part of the defendant.

"Proposition 2. The trial court erred in admitting portions of the testimony of the highway patrolman, testifying as an expert witness.

"Proposition 3. The trial court erred in declining to instruct the jury on the doctrine of contributory negligence.

"Proposition 4. The trial court erred in submitting to the jury Instruction No. 1.

"Proposition 5. The trial court erred in submitting to the jury Instruction No. 9.

"Proposition 6. The trial court erred in submitting to the jury Instruction No. 15.

"Proposition 7. The trial court erred in submitting to the jury Instruction No. 16."

As to the first proposition, we cannot concur with this defendant's contention. There was evidence that the defendant's automobile was over the center line of the black-top to the north immediately after the collision. His left front tire was five feet and eight inches from the south edge of the black-top, which made the left edge of the tire two inches over the center, and the fender was four or five inches beyond the tire, which put the defendant's car six or seven inches north of the center line of the highway. There was also evidence that the defendant's car laid down forty-seven feet of skid marks just before his car collided with that of the plaintiff. Certainly these facts were sufficient for the jury to reasonably infer negligence on the part of the defendant. Sisler v. Whitten, Okl., 393 P.2d 497; 14 Okl.Dig., Trial, ■■■ 47 O.S.1961, § 11–301.

As to defendant's Proposition No. 2, which is set out, we see no error in admitting the testimony of the highway patrolman. He arrived at the scene of the accident a short time after the occurrence. His testimony dealt with the physical facts at the place of accident. The defendant does not set out in his brief the testimony of the patrolman that he says was inadmissible. Under Rule 15 of this court in such case the alleged error will be ignored. The pertinent part of this rule is:

"* * * Where a party complains of the admission or rejection of testimony, he shall set out in his brief the testimony to the admission or rejection of which he complains, stating specifically his objections thereto. * * *"

As to defendant's third proposition in which he complains of the trial court's refusal to instruct on contributory negligence, there was no error in this because the defendant did not plead contributory negligence in his answer, and this is an affirmative defense and must be plead. Colonial Refining Co. v. Lathrop, 64 Okl. 47, 166 P. 747, L.R.A.1917F, 890; Armstrong v. Green, 113 Okl. 254, 241 P. 789; City of Cushing v. Bowdlear, 74 Okl. 138, 177 P. 561; Brightmire v. Darnold, Okl., 272 P.2d 401; and Kansas City Southern Ry. Co. v. Marrow, Okl., 326 P.2d 817.

In regard to defendant's Proposition 4 which is a criticism of Instruction No. 1 and is the statement of the trial judge as to what the lawsuit was about. It expanded to a certain extent on the pleadings in the

case, but we do not think the defendant was in any way prejudiced thereby.

For his fifth proposition for reversal, the defendant attacks the giving of Instruction No. 9 relating to the issue of negligence of the defendant, the negligence of the wife of the plaintiff, the negligence of both, the accident being unavoidable and who the verdict should be for in the event the jury made certain findings in regard to the allegations and proof of negligence. The specific objection made on appeal was not presented to the trial judge, the record indicating only that exception was taken to 16 of the 18 instructions, including No. 9, and that the exception is possibly, but not specifically, contained in one of the 44 grounds set out in the motion for new trial. The error, if any, will not be considered under these circumstances. It is to be remembered that contributory negligence of the wife was not plead in the case nor was there any evidence offered in support thereof. Neither is her negligence imputable to the husband in the absence of agency. See Savoia v. F. W. Woolworth Co., 88 N.J. Super. 153, 211 A.2d 214, and 65A C.J.S. Negligence § 159.

This is an action by the husband, and he offered evidence of his loss for medical care and loss of services of his wife and children.

The jury was very conservative in its verdict in which it only allowed the plaintiff Two Thousand Dollars on his second cause of action. Under the proof, it could have been more.

We are unable to agree that it was error to give Instruction No. 15, which is as follows:

"No. 15.

"You are instructed that as a further item of damage under plaintiff's Second Cause of Action, you may consider the damage which plaintiff has suffered, if any you find, by reason of loss of services of the minor children, Karen, Regina and Dennis, during the time of their disability proximately resulting from the accident.

"DEFENDANT EXCEPTS, EXCEPTIONS ALLOWED."

The loss of a child's service occasioned by the negligent act of another is an intangible item which is difficult of measurement. Such loss, which may be substantial, is to be measured by the experience and judgment of a jury enlightened only by knowledge of the age, sex and intelligence of the injured child. In determining the amount of damages to be awarded a parent for loss of the services of a minor child, the jury may consider that with age, growth and experience the value of the child's services would increase. Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okl. 454, 138 P. 790.

We think this rule is applicable in this case. From the size of the verdict, we cannot see any harm done the defendant on this score.

As to defendant's Proposition No. 7, we see no reversible error. As has been said, the jury returned a verdict which was free of bias or prejudice. There was evidence to sustain defendant's negligence, and that being true the right of plaintiff to recover was clear.

There was a mistake in the amount of loss on the car. It was actually only $632.00. With this modification reducing recovery on the first cause of action to $632.00, the judgment of the trial court is affirmed.

The court acknowledges the aid of the Supernumerary Judge, Harry L. S. Halley, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

JACKSON, C. J., and DAVISON, WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.

IRWIN, V. C. J., and BLACKBIRD and HODGES, JJ., dissent.