GEORGE STEWART v. ST. PAUL CITY RAILWAY COMPANY.

November 17, 1899.

Nos. 11,840—(131).

### Street Railway—Personal Injury—Photograph of Locality.

In an action for personal injuries caused by the alleged negligence of the defendant in stopping its car for a passenger to alight at an unsafe place, the principal issue being the distance from the car steps to a hole in the street, the defendant, after the hole had been filled, and about eight months after the accident occurred, placed the car where it claimed it stood at the time of the accident, and a crowbar where it claimed the hole had been, and then caused a photograph of the surroundings to be taken. Upon the trial the defendant offered the photograph in evidence, accompanied by an offer to prove that the car stood about where it stood when the accident occurred, and that the crowbar correctly indicated the location of the hole. *Held*, that there was no error in refusing to admit the photograph in evidence.

Action in the district court for Ramsey county to recover $1,000 damages for loss of services and society of plaintiff's wife. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for $250. The court refused to submit to the jury the following special questions:

"Did the car from which Mrs. Anna Stewart stepped at the time of this accident go so that the rear end of it was south of the point of the switch? If the jury answer the above question in the affirmative, then it will answer the following question: How many feet south of the point of the switch was the rear end of the car when Mrs. Stewart stepped from it?"

From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson* and *Hugh T. Halbert*, for appellant.

The court erred in excluding the photograph and the testimony which showed its accuracy. Beardslee v. Columbia, 188 Pa. St. 496; Dederichs v. Salt Lake, 14 Utah, 137; Barker v. Town, 67 Iowa, 146; Archer v. New York, 106 N. Y. 589; Church v. City, 31 Wis. 512;

Bruce v. Beall, 99 Tenn. 303; Cooper v. St. Paul City Ry. Co., 54 Minn. 379. On the general subject see 31 Cent. L. J. 416; Alberti v. New York, 118 N. Y. 77; Dyson v. New York, 57 Conn. 9; Warner v. Village, 18 App. Div. (N. Y.) 458; People v. Buddensieck, 103 N. Y. 487; Marcy v. Barnes, 16 Gray, 161; Randall v. Chase, 133 Mass. 210; Locke v. Sioux City, 46 Iowa, 109; Udderzook v. Com., 76 Pa. St. 340; Ruloff v. People, 45 N. Y. 213.

*S. P. Crosby,* for respondent.
The photograph was inadmissible. State v. Holden, 42 Minn. 350; Cooper v. St. Paul City Ry. Co., 54 Minn. 383; 31 Cent. L. J. 414.

MITCHELL, J.

The plaintiff is the husband of the plaintiff in the action of Stewart v. St. Paul City Ry. Co., supra, page 85; and this action was brought to recover damages for loss of the society, services, etc., of his wife, resulting from the same injuries which were the subject of the other action. The opinion in the other case disposes of all the points raised on this appeal, except two.

In this action, as in the former, the chief contest was over the distance and direction of the hole, into which the wife stepped, from the steps of the car from which she alighted. Very soon after the accident occurred this hole was filled up, but, as the evidence tended to prove, its location was still capable of identification. About eight months after the accident the defendant took the same car out to the locus in quo, and placed it, as is claimed, in the same place where it stood at the time of the accident, placed a crowbar in a vertical position where the hole was claimed to have been, and then caused a photograph to be taken, showing the car steps and the crowbar. This photograph was offered in evidence, accompanied by offers to prove that the crowbar was placed where the witness had found the hole immediately after the accident, and that when the photograph was taken the car was standing six feet from the point of the switch referred to in the evidence, and that the photograph was a correct representation of the surroundings. The evidence previously introduced tended to show that at the time of the accident the car stood six or seven feet from the point of the

switch. The court excluded the offer, and refused to admit the photograph in evidence

Photographs are frequently admitted in evidence as either secondary or demonstrative evidence, according to the method of their use. In this case the photograph was evidently offered as demonstrative evidence. As such they are competent whenever it is important that the locus in quo, or any object, person, or thing, be described to the jury. In such cases they serve to explain or illustrate and apply the testimony, and are aids to the court or jury in comprehending the questions in dispute, as affected by the evidence. But their value depends upon their accuracy. They must be shown by extrinsic evidence to be faithful representations of the place or subject as it existed at the time involved in the controversy. The mere fact that the hole had been filled up would not of itself be sufficient ground for excluding the photograph, if otherwise competent. In this case not only had the hole been filled up, but the car had been removed, and the defendant attempted to reproduce the former condition of things. The value, if any, of the photograph, depended upon the fact that the condition existing when it was taken was an exactly accurate reproduction of the condition existing when the accident occurred. An error of a single foot in the location of the car or of the hole might render the photograph very misleading to the jury. A photograph may be a correct representation of a place, and yet, from a variety of causes, be very misleading as to distances or the relative size or location of objects.

In this case a photograph would have had no real value as demonstrative evidence. Given the exact location of the hole and of the car at the time of the accident, the distance and direction of the one from the other was a mere mathematical problem, to be solved by a measurement on the face of the earth. The photograph could in no way aid in this matter. Its only effect would be to possibly mislead the jury, and give them an erroneous impression of distance, resulting either from the manner in which it was taken, or from error in the evidence tending to show that the car and the crowbar constituted an exact reproduction of the condition existing at the time of the accident,—prone, as juries would naturally be, to accept any photograph as absolutely correct, not only as to the

physical objects which it represents, but also as to the impressions which it conveys as to size and distance.   We do not think that the court erred, under the circumstances, in excluding the photograph.

Neither was there any error in the court's refusing to submit to the jury the special questions of fact requested by the defendant. This is a matter peculiarly within the discretion of the trial court. If there can be any case where it would be error for the court to refuse to do so, this was not such a case.

Order affirmed.