MELZNER, ADMR., RESPONDENT, v. CHICAGO, MILWAUKEE & ST. P. RY. CO. ET AL., APPELLANTS.

(No. 3,580.)

(Submitted November 6, 1915.   Decided December 22, 1915.)

[153 Pac. 1019.]

*Railroads—Crossings—Action for Death—Master and Servant— Negligence—Safe Working Place—Trial—Instructions—Cross- examination—Excessive Verdict.*

Trial—Motion for Nonsuit—Waiver.
   1.   By electing to proceed with their evidence after their motion for nonsuit had been denied, defendants assumed the risk of supplying the deficiencies of plaintiff's case by the testimony of their own witnesses, and to whatever extent this was done, the alleged error in the ruling was cured.

Master and Servant—Action for Death—Negligence—Proof.
   2.   In an action to recover damages for wrongful death, alleged to have been caused by the negligence of decedent's employer, it is not necessary that plaintiff prove every act of negligence charged; to recover, it is sufficient to prove any act properly pleaded, as a proximate cause of the death.

Same—Railway Crossings—Failure to Ring Bell—Effect.
   3.   Where a person, seeing a train approaching, is killed in an endeavor to effect a crossing ahead of the train, failure of the enginemen to ring the locomotive bell or sound the whistle, though punishable as a misdemeanor under section 4289, Revised Codes, is not a proximate cause of the death.

   [As to duties of railroad companies to persons approaching track, see note in 20 Am. St. Rep. 452.]

Same—Safe Working Place—Instruction—Inapplicability.
    4. An instruction announcing the rule of care required of the master with respect to the servant's working place was inapplicable where the accident occurred to a shop employee of defendant railway company, on its track some six or seven hundred feet away from decedent's place of employment.

Same—Contributory Negligence—Pleading—Insufficiency.
    5. Defendant having denied negligence on its part, an allegation in the answer that decedent came to his death through his own carelessness and negligence was not, under *Birsch* v. *Citizens' El. Co.*, 36 Mont. 574, a plea of contributory negligence; and instructions on the subject were improper.

Trial—Defective Instruction—Duty of Appellant.
    6. In the absence of an offered instruction outlining the case more succinctly than did the one given, complaint of the one submitted is without merit.

Same—Improper Cross-examination.
    7. Cross-examination of a witness concerning the substance of his deposition taken some time before the trial was error where the document was not produced or its absence accounted for.

Same—Instructions—Law of Case—Duty of Jury.
    8. The instructions to the jury are the law of the case, and binding upon the jury; a verdict contrary thereto is against law, and cannot be upheld.

Same—Excessive Verdict.
    9. A verdict for $20,000 for the alleged negligent killing of a railway shop employee was not warranted where, under an instruction to the jury given without objection, recovery was limited to the pecuniary loss suffered by the decedent's widow and children, and the evidence disclosed that for a year and ten months prior to his death, he had contributed about $50 to their support.

    [As to who is "dependent" within statute giving right of action for death by wrongful act to persons dependent on deceased, see note in Ann. Cas. 1912B, 733.]

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by A. B. Melzner, as administrator of the estate of Albert Page, deceased, against the Chicago, Milwaukee & St. Paul Railway Company and another. Judgment for plaintiff. Defendants appeal from the judgment and an order denying them a new trial. Reversed and remanded for a new trial.

*Messrs. Shelton & Furman* and *Mr. A. J. Verheyen,* for Appellants, submitted a brief; *Mr. Fred. J. Furman* argued the cause orally.

Under any view of the case, the plaintiff must fail, because of the fatal failure of proof. The *prima facie* presumption

that defendants discharged their duty to plaintiff must be overcome by proof of neglect on part of defendant. (*Kelley* v. *Cable Co.*, 7 Mont. 70, 14 Pac. 633.)   An employee who seeks to recover for negligence must establish that negligence by proof. (*Nolan* v. *Montana Central Ry. Co.*, 25 Mont. 107, 63 Pac. 926.)   The burden of proof is upon plaintiff to show by competent evidence the negligence of the defendant as alleged (*Shaw* v. *New Year etc. M. Co.*, 31 Mont. 138, 77 Pac. 515), and to show that he was injured through defendant's negligence. (*Winnicott* v. *Orman,* 39 Mont. 339, 102 Pac. 570.)   Failure to make *prima facie* proof of one of the grounds of negligence specifically alleged in the complaint is fatal, and proof of a ground not alleged cannot aid plaintiff. (*Hoskins* v. *Northern Pac. Ry. Co.*, 39 Mont. 394, 102 Pac. 988.)   He must show that the proximate cause of the injury was the defendants' negligence. (*Knuckey* v. *Butte Electric R. Co.*, 41 Mont. 314, 109 Pac. 979; *Therriault* v. *England,* 43 Mont. 376, 116 Pac. 581.) The burden of proving defendants' negligence is upon the plaintiff. (*Byrnes* v. *Butte Brew. Co.*, 44 Mont. 328, Ann. Cas. 1913B, 440, 119 Pac. 788.)   To support a judgment there must be substantial evidence of every fact necessary to a recovery. Mere conjecture or speculation are not sufficient. (*Tudor* v. *Northern Pac. R. Co.*, 45 Mont. 456, 124 Pac. 276.)   Plaintiff must prove every material allegation of his complaint put in issue. (*Killeen* v. *Barnes King Dev. Co.*, 46 Mont. 212, 127 Pac. 89.)

*Messrs. Mackel & Tyvand,* for Respondents, submitted a brief; *Mr. Henry A. Tyvand* argued the cause orally.

Plaintiff charges that the defendants furnished no means of ingress and egress to the deceased and compelled him to walk over the track, *etc.*   And in support of this there is testimony that there was no sidewalk across the track; there was no overhead track; and in fact there was no provision made for the deceased and his fellow-employees to cross from the depot to the roundhouse.   Harlowtown is north of the depot and the

roundhouse is south of the depot, and the plaintiff and all of the employees lived north of the depot and they all had to cross this track, which was done with the knowledge, acquiescence and consent of the defendants, especially the corporation, and no provision of any kind was made to supply them with a place of egress and ingress. On the subject of the master's duty with reference to providing a safe place of ingress and egress to a servant's place of work and a safe place to work, we submit the following authorities: 3 Labatt, Master and Servant, sec. 1000; 26 Cyc. 1087; 4 Current Law, p. 551; 6 Current Law, p. 541; 1 Bailey, Personal Injuries, p. 220; *Newhouse* v. *Kanawha & W. V. R. Co.*, 62 W. Va. 562, 59 S. E. 1071; *Lamphere* v. *Oregon R. & Mon. Co.*, 196 Fed. 336, 116 C. C. A. 156, 47 L. R. A. (n. s.) 1.

There was sufficient circumstantial evidence to sustain the allegation that deceased stumbled over some wreckage left in the yard. That it may be inferred from circumstantial evidence how a person is injured, is supported by the following authorities: *Beeler* v. *Butte & London etc. Dev. Co.*, 41 Mont. 465, 1100 Pac. 528; *Domitrovich* v. *Stone etc. Eng. Corp.*, 44 Mont. 7, 118 Pac. 760; *Coalgate* v. *Hurst*, 25 Okl. 588, 107 Pac. 657; *Petroleum Iron Works Co.* v. *Wantland*, 28 Okl. 481, 114 Pac. 717, 225 U. S. 697, 56 L. Ed. 1262. Matters left in the yards, causing employees to stumble and fall, is a ground of negligence. (3 Labatt, Master and Servant (2d ed.), p. 2676, sec. 1000.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In November, 1912, Albert Page was employed by the Chicago, Milwaukee & St. Paul Railway Company as a car repairer in the shops at Harlowtown. He was killed by an incoming eastbound freight train, and this action by the administrator of his estate was brought to recover damages. The railway company, Homer Ganon, the engineer in charge of the locomotive at the time of the accident, and Hugh Spencer, superintendent, were joined as defendants. Spencer was dismissed on motion

for nonsuit, and the trial proceeded upon the issues made by the complaint, the answer of the other defendants and the reply thereto. A verdict was returned in favor of the plaintiff for $20,000, and from the judgment entered thereon and from an order denying a new trial, these appeals are prosecuted.

The main line of the railway extends substantially east and west, south of the town of Harlowtown and immediately south of the passenger depot. South of the main line are six sidetracks, and south of these tracks, and southeast of the depot, 600 or 700 feet distant, are the roundhouse and shops. Company employees who live in the town reach their places of employment at the shops by crossing the tracks from or near the depot. Page was killed early in the morning of November 15, 1912, while he was attempting to cross the tracks from a point west of the depot to his place of work. At the conclusion of plaintiff's case in chief the defendants moved for a nonsuit, which was denied as to the railway company and Ganon. In this ruling the trial court erred. The plaintiff had failed altogether to make out a *prima facie* case of actionable negligence. About all that can be said is, that he established that Page was run over and killed in a race with the train for the [1] crossing. But when the defendants elected to proceed with their evidence, they assumed the risk of supplying the deficiencies in the plaintiff's case, by testimony elicited from their own witnesses, and to whatever extent this was done, the error in the ruling was cured. (*Cain* v. *Gold Mt. Min. Co.*, 27 Mont. 529, 71 Pac. 1004; *Yergy* v. *Helena L. & Ry. Co.*, 39 Mont. 213, 18 Ann. Cas. 1201, 102 Pac. 310.)

Without referring to defendants' testimony at length, it suffices to say that in our judgment it supplied sufficient facts to complete the plaintiff's *prima facie* case; that is, the facts adduced by defendants, with the facts brought out by plaintiff, furnish a basis from which the legitimate inference might be drawn by the jury that the defendants were guilty of negligence in failing to keep a proper lookout, and that such negligence was a proximate cause of Page's death. The plaintiff

[2]  was not required to prove every act of negligence charged; it was sufficient that he prove any act which was properly pleaded as a proximate cause of the death. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Moyse* v. *Northern Pac. Ry. Co.,* 41 Mont. 272, 108 Pac. 1062.)

The evidence discloses that the last signal with the locomotive whistle was given half a mile before the place of the accident was reached.  Section 4289, Revised Code, provides: "If any railroad corporation within this state  *  *  *  shall permit any locomotive to approach any highway, road or railroad crossing without causing the whistle to be sounded at a point between 50 and 80 rods from the crossing and the bell to be rung from the said point until the crossing is reached  *  *  *  it shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined," *etc.*

We do not agree with respondent that the evidence warrants the conclusion that at the time Page met his death, he was upon a highway, road or railroad crossing within the meaning of those terms as employed in the statute above.  But even assuming [3]  respondent's premise, his case is not aided.  The testimony is uncontroverted that Page and Agee started from the town of Harlowtown to their work at the shops; that they saw this train approaching, appreciated its proximity, and ran in an effort to cross the tracks ahead of it.  The purpose of requiring warning signals to be given is to impart notice of the train's approach.  To one who has actual notice it is without significance that the warning is not given.  If the engineer was remiss in failing to observe the statutory requirement, he was subject to prosecution for a misdemeanor, but his dereliction, if any, could not have contributed to the unfortunate accident.  *Causa proxima, non remota, spectatur,* expresses a rule of law of universal application; and though it be conceded that a violation of the statutory duty constitutes negligence, a failure to warn one who sees an approaching train and appreciates the danger cannot be made a proximate cause of the death which results from the effort to beat the train to the crossing,—an effort

often made and frequently with the like result, as in this instance. There must be a causal connection between the injury and the negligence charged. (*Bracey* v. *Northwestern Imp. Co.*, 41 Mont. 338, 137 Am. St. Rep. 738, 109 Pac. 706.)

Instruction No. 5, given by the court, must have confused, [4] if it did not mislead, the jury. It announced the rule of care with respect to the servant's working place, and must have impressed the jury with the idea that the evidence, if believed, would warrant a finding of actionable negligence on the part of these defendants. in failing to exercise ordinary care in providing the deceased with a reasonably safe place in which to work. The complaint and the evidence disclose that Page was killed 600 or 700 feet from his place of employment, so that any dereliction of duty with respect to conditions at the shops was not a proximate cause of the death. If the trial court intended to include the pathway or means of ingress or egress as a part of the working place, the intention should have been made manifest. The instruction, though correct as an abstract rule of law, was inapplicable to the facts, and should not have been given.

By instructions 2 and 2½ the subject of contributory negli-[5] gence was injected into this case for the first time. In the answer it is alleged that Page came to his death through his own carelessness and negligence. This is not a plea of contributory negligence, as was pointed out in *Birsch* v. *Citizens' El. Co.*, 36 Mont. 574, 93 Pac. 940. These instructions are altogether out of place, and error was committed in giving them.

The criticism of the court's outline of the case to the jury [6] would be effectual here if counsel for defendants had proposed an instruction which succinctly stated the issues for trial and their offer had been refused. In the absence of such a tender their complaint is unavailable.

Larsen, a witness for defendants, was subjected to cross-[7] examination concerning the substance of his deposition taken some time before the trial. The absence of the deposi-

tion from the courtroom was not accounted for, and the cross-examination violated the plain mandate of our Codes and one of the elementary rules of evidence.    (Rev. Codes, sec. 8025.)

Without objection from either party, the court instructed the jury: "If you find your verdict for the plaintiff, you cannot allow damages for grief or sorrow or for any other loss save and except the financial and pecuniary loss suffered by the widow and children on account of the death of Albert Page. In such case, you must confine your considerations to the amount that will compensate the wife and children for the pecuniary benefit which they would probably have received from Albert Page if the accident had not occurred." This [8, 9] became the law of the case, binding upon the jury, and a verdict contrary to it is against law and cannot be upheld. The only evidence from which any deduction can be drawn concerning the pecuniary benefits which the wife and children would probably have received from Page during the expectancy of his life is furnished by the former wife herself. She testified that for a year and ten months prior to his death Page had contributed $50 or thereabouts to the support and maintenance of herself and children; that after July 1, 1912, and before he entered the employ of the railway at Harlowtown, he was out of employment. Measured by the standard laid down in instruction 15 above, the evidence would not sustain a verdict for any considerable amount, much less for $20,000.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.